## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

DENNIS B. ROBERSON,

      Plaintiffs,

v.

ERIC DEANDA,
in his individual capacity;
ISHMAEL FLORES,
in his individual capacity;
PATRICK GILLIS,
in his individual capacity; and
DONALD ALSBROOKS,
in his individual capacity;

      Defendants.

CIVIL ACTION FILE NO.:
7:23-CV-00145

**JURY TRIAL DEMANDED**

**COMPLAINT FOR DAMAGES**

### COMPLAINT FOR DAMAGES

COME NOW, the Plaintiff, Dennis Roberson, through undersigned counsel, filed this action against Defendant Eric Deanda (hereinafter "Defendant Deanda"), in his individual capacity; Defendant Ishmael Flores (hereinafter "Defendant Flores"), in his individual capacity; Defendant Patrick Gillis (hereinafter "Defendant Gillis"), and Defendant Sergeant Donald Alsbrooks (hereinafter "Defendant Alsbrooks") in his individual capacity.  Plaintiff shows the following:

## INTRODUCTION

On October 3, 2021, Deputies from the Ector County Sheriff's Office brutalized a sixty-year-old disabled black man after exercising his first amendment right.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1131 and 1343 over Plaintiffs' claims under the United States Constitution, which are brought both directly under 42 U.S.C. §1983.

2. This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. §1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

## PARTIES

4. Dennis Roberson is of legal age and U.S. citizen.  He resides in Odessa, Texas. He is a resident and citizen of the state of Texas.

5. At all times relevant hereto, Defendant Eric Deanda was a citizen of the United States and a resident of the State of Texas and was acting under color of state law in his capacity as a law enforcement officer employed by the Ector

2

County Sheriff's Office. Defendant Eric Deanda is sued in his individual capacity.

6. Defendant Ishmael Flores was a citizen of the United States and a resident of the State of Texas and was acting under color of state law in his capacity as a law enforcement officer employed by the Ector County Sheriff's Office. Defendant Ishmael Flores is sued in his individual capacity.

7. Defendant Patrick Gillis was a citizen of the United States and a resident of the State of Texas and was acting under color of state law in his capacity as a law enforcement officer employed by the Ector County Sheriff's Office. Defendant Patrick Gillis is sued in his individual capacity.

8. Defendant Donald Alsbrooks was a citizen of the United States and a resident of the State of Texas and was acting under color of state law in his capacity as a law enforcement officer employed by the Ector County Sheriff's Office. Defendant Donald Alsbrooks is sued in his individual capacity.

**STATEMENT OF FACTS**

9. On October 3, 2021, Dennis Roberson, (hereinafter, "Mr. Roberson" or "Plaintiff") a sixty-year-old disabled black man was working on equipment at his business, "Roberson Auto" located in Ector County, Texas when Defendants Gillis, Deanda, Flores, and Alsbrooks (hereinafter collectively "Defendants") entered onto his private property.

3

10. The Defendants entered on to Mr. Roberson's private property searching for a suspected reckless driver.

11. After conducting an investigation, Defendant Flores immediately discovered that Plaintiff was not the suspect that they were looking for.  However, the Defendants discovered that an individual named Alton Joe Redic (hereinafter, "Mr. Redic's") was the person they were looking for. Notably, Mr. Redic's vehicle was not on Mr. Roberson property.

12. Subsequently, the Plaintiff told the Defendants that they could take Mr. Redic and leave his property.

13. At that time, Defendant Deanda  told the Plaintiff that he could get lost. Mr. Roberson then told the Defendant Deanda that he did not have to go anywhere because this is his property.

14. Defendant Gillis then got in Mr. Roberson's face. After a brief stare down between Mr. Roberson and Defendant Gillis, Mr. Roberson turned to go back into his place of business, suddenly Defendant Gillis grabbed Mr. Roberson prevented him from entering his business. Then Defendant Deanda helped Defendant Gillis with placing handcuffs on Mr. Roberson. At that time, Defendant Gillis violently slammed Mr. Roberson against the porch railing. The force was so great that the poach step caved in. Subsequently, Mr. Roberson was placed in handcuffs.

4

15. Defendant Deanda then walked Mr. Roberson over to a vehicle parked on Mr. Roberson parking lot then violently slammed him onto the vehicle.

16. At this point, Mr. Roberson told the Defendants that he was hurt and requested medical attention and an ambulance. However, Defendant Deanda told Mr. Roberson to shut up multiple times. Then Mr. Roberson attempted to call 911, at that time Defendant Deanda took Mr. Roberson's phone and threw it causing it to strike a vehicle damaging the phone and vehicle.

17. Subsequently, an ambulance was called to the scene. Defendant Gillis told Mr. Roberson the ambulance is on the way; stop asking, why is that so hard for you to understand. Defendant Deanda told Mr. Roberson if you just shut your mouth and listen you will get a lot further.

18. Notably, Mr. Roberson and Defendant Deanda were having a discussion about the events that transpired when he asked them to leave his property; expressing his Freedom of Speech.

19. Defendant Gillis told Mr. Roberson so "you are still running your mouth; I am tired of this". Subsequently, Defendant Gillis aggressively yanked Mr. Roberson escorting Mr. Robinson to his control car before the arrival of the ambulance.

20. After being brutalized by the Defendants, once the ambulance arrived on the scene; Defendant Gillis told Mr. Roberson, "Just so you know, I am personally coming back to take you to jail. So, remember me."

21. Defendant Flores was present at the time Defendants Deanda and Gillis unlawful detained Mr. Mr. Roberson. Defendant Flores had duty to stop/prevent Defendants Deanda and Gillis from violating Mr. Roberson's constitutional rights. Defendant Flores had the ability and opportunity to stop/prevent Defendants Deanda and Gillis's unlawful detention and use of excessive force against Mr. Robinson. However, Defendant Flores deliberate chose not to intervene.

22. Defendant Alsbrooks was present at the time Defendants Deanda and Gillis unlawful detained Mr. Mr. Roberson. Defendant Alsbrooks had duty to stop/prevent Defendants Deanda and Gillis from violating Mr. Roberson's constitutional rights. Defendant Alsbrooks had the ability and opportunity to stop/prevent Defendants Deanda and Gillis's unlawful detention and use of excessive force against Mr. Robinson. However, Defendant Alsbrooks deliberate chose not to intervene.

23. As a direct and proximate result of the Defendants' wrongful conduct, the Plaintiff sustained substantial injuries. Plaintiff was transported by ambulance to Medical Center Hospital. At Medical Center Hospital, Plaintiff

was diagnosed with a chest contusion, mid-back and lower back trauma and pain, left-shoulder trauma and pain, and abdominal trauma and pain. Plaintiff is now having trouble walking.

24. Plaintiff's injuries include but are not limited to, loss of constitutional and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages medically/psychologically related treatment caused by the unconstitutional and moving forces concerted conduct of all these Defendants. Plaintiff also continues to suffer ongoing emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from his unlawful arrest, assault, and battery.

25. Plaintiff is also entitled to punitive damages on all of his claims against the individual Defendants personally to redress their willful, malicious, wanton, reckless, and fraudulent conduct.

26. The charges against Mr. Roberson for Interference with Public Duties and Resisting Arrest were dismissed.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Unlawful Arrest and Seizure
### in Violation of the Fourth Amendment
(Defendants Deanda and Gillis )

27. Plaintiff realleges and incorporates herein by reference each and every

allegation contained in paragraph 1 through 26 of this Complaint.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

28. All individual Defendants to this claim, are person for purposes of 42 U.S.C.

§ 1983.

29. All individual Defendants, at all times relevant hereto, were acting under the

color of state law in their capacities as officers for the Ector County Sheriff's

Office in Odessa, Texas and their acts or omissions were conducted within the

scope of their official duties or employment.

30. At the time of the complained of events, Plaintiff had a clearly established

constitutional right under the Fourth Amendment to be secure in his person

from unreasonable seizure and not to be arrested without arguable reasonable

suspicion or probable cause to do so.

31. It is undisputed that Plaintiff was on private property at the time the individuals Defendants seized and arrested the Plaintiff when the suspect was in custody and the automobile in question was parked on the side of the road not on the Plaintiff's private property.

32. All individual Defendants' actions, as described herein, were willful, malicious and deliberate indifferent to Plaintiff's federally protected rights.

33. All individual Defendants engaged in the conduct described by this complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

34. All individual Defendants did so with shocking and willful indifference to Plaintiff's rights and with conscious awareness that it could cause Plaintiff harm.

35. The acts or omissions of all individual Defendants were the moving forces behind Plaintiff's injuries. The acts or omissions of all individual Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.  All individual Defendants are not entitled to qualified immunity for their actions.

36. As a proximate result of all individual Defendants' unlawful conduct, Plaintiff suffered loss of his freedom and other injuries.  As a further result of the individual Defendants' unlawful conduct, Plaintiff has incurred special

damages, including medical expenses and other special damages related to expenses, in amounts to be established at trial.

37. On information and belief, Plaintiff suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amount to be ascertained in trial. Plaintiff is further entitled to attorney's fees and cost pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

38. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff. All Defendants are jointly and severally liable for violating Roberson's Fourth Amendment Rights.

39. WHEREFORE, Plaintiff prays for the following relief:

    a.   Judgment for compensatory damages;

    b.   Judgment for exemplary or punitive damages;

    c.   Cost of suit;

    d.   Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

e.   Trial by jury as issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983 – Deprivation of Civil Rights by Retaliatory Arrest Against First Amendment - Freedom of Speech
(Defendants Deanda and Gillis)

40. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraph 1 through 26 of this Complaint.

41. All individual Defendants to this claim, is a person for purposes of 42 U.S.C. § 1983.

42. All individual Defendants, at all times relevant hereto, were acting under the color of state law in their capacities as officers for the Ector County Sheriff's Office in Odessa, Texas and their acts or omissions were conducted within the scope of their official duties or employment.

43. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the First Amendment to be free from arrest after engaging in protected speech.

44. The individual Defendants made the decision to arrest Plaintiff in retaliation after Plaintiff engaged in constitutionally protected speech and conduct.  The statements made by Plaintiff were not fighting words.  The statements and conduct of Plaintiff constituted protected speech under the First Amendment.

11

45. All individual Defendants' actions, as described herein, was willful, malicious and deliberate to Plaintiff's federal protected rights.

46. All individual Defendants engaged in the conduct described by this complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

47. All individual Defendants did so with shocking and willful indifference to Plaintiff's rights and with conscious awareness that it could cause Plaintiff harm.

48. The acts or omissions of all individual Defendants were the moving forces behind Plaintiff's injuries. The acts or omissions of all individual Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.  All individual Defendants are not entitled to qualified immunity for their actions.

49. As a proximate result of all individual Defendants' unlawful conduct, Plaintiff suffered loss of his freedom and other injuries.  As a further result of the individual Defendants' unlawful conduct, Plaintiff has incurred special damages, including medical expenses and other special damages related to expenses, in amounts to be established at trial.

50. On information and belief, Plaintiff suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of

his injuries, in amount to be ascertained in trial. Plaintiff is further entitled to attorney's fees and cost pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

51. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff. All Defendants are jointly and severally liable for violating Plaintiff's First Amendment Rights.

52. WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment for compensatory damages;

    b. Judgment for exemplary or punitive damages;

    c. Cost of suit;

    d. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

    e. Trial by jury as issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

**THIRD CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment**
(Defendants Deanda and Gillis)

53. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 26.

54. All individual Defendants to this claim, is a person for purposes of 42 U.S.C. § 1983.

55. All individual Defendants, at all times relevant hereto, were acting under the color of state law in their capacities as officers for the Ector County Sheriff's Office in Odessa, Texas and their acts or omissions were conducted within the scope of their official duties or employment.

56. At the time of the complained events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secured in his person from unreasonable seizure through excessive force.

57. Plaintiff also had the clearly established Constitutional right under the Fourth Amendment to bodily integrity and to be free from excessive force by law enforcement.

58. Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained conduct as they were clearly established at that time.

14

59. The Defendants' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

60. The Defendants' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The force used by Defendants shocks the conscience and violated these Fourth Amendment rights of Plaintiff.

61. Defendants unlawfully seized the Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Plaintiff of his freedom.

62. The force used by the Defendants caused serious bodily injury to Plaintiff.

63. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

64. Defendants did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

65. The acts or omissions of Defendants were moving forces behind Plaintiff's injuries.

66. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

67. The Defendants are not entitled to qualified immunity for their actions.

68. As a direct and proximate result of the individual Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As further result of the individual Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

69. On information and belief, Plaintiff suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amount to be ascertained in trial. Plaintiff is further entitled to attorney's fees and cost pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

70. In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these

individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff. All Defendants are jointly and severally liable for violating Plaintiff's Fourth Amendment Rights.

71. WHEREFORE, Plaintiff prays for the following relief:

    a.   Judgment for compensatory damages;

    b.   Judgment for exemplary or punitive damages;

    c.   Cost of suit;

    d.   Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

    e.   Trial by jury as issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

**FOURTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Failure to Intervene in Violation of the Fourth Amendment**
(Defendants  Flores and Alsbrooks )

72. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 26 above.

73. All individual Defendants to this claim, is a person for purposes of 42 U.S.C. § 1983.

74. All individual Defendants, at all times relevant hereto, were acting under the color of state law in their capacities as officers for the Ector County Sheriff's

17

Office in Odessa, Texas and their acts or omissions were conducted within the scope of their official duties or employment.

75. Each above Defendant failed to intervene in preventing the other Defendants from using use of excessive force against the Plaintiff.

76. Each individual had realistic opportunity to intervene to prevent the harm from occurring to the Plaintiff.

77. Plaintiff was damaged and injured by the Defendants' intentional failure to intervene and stop the assault on him.

78. The Defendants' intentional failure to intervene directly and proximately contributed to the Plaintiff's unconstitutional seizure, and directly and proximately to the Plaintiff's significant physical injuries and emotional pain and suffering. The force used by the Defendants caused serious bodily injury to Plaintiff.

79. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

80. Defendants did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

81. The acts or omissions of Defendants were moving forces behind Plaintiff's injuries.

82. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

83. The Defendants are not entitled to qualified immunity for their actions.

84. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical and other special damages-related expenses, in amounts to be established at trial.

85. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

86. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named

19

Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff. All Defendants are jointly and severally liable for violating Plaintiff's Fourth Amendment Rights.

87. WHEREFORE, Plaintiff prays for the following relief:

    a.   Judgment for compensatory damages;

    b.   Judgment for exemplary or punitive damages;

    c.   Cost of suit;

    d.   Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

    e.   Trial by jury as issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

## FIFTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983 –
### Deprivation of Personal Property without due process of the law
### in Violation of the Fifth Amendment
(Defendants Deanda)

88. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraph 1 through 26 of this Complaint.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the

jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

89. All individual Defendants to this claim, are person for purposes of 42 U.S.C. § 1983.

90. Defendant unlawfully and without consent took the Personal Property, which Plaintiff was in possession of, and which Plaintiff had a right to possess free from interference.

91. Defendant invasion of Plaintiff's rights was unlawful and substantially interfered with the plaintiff's chattel (cell phone and automobile) causing property damage. Defendant threw the cell phone and hit the windshield of the vehicle causing damage.

92. Defendant lacked verbal and written permission to take physical possession of the Plaintiff's chattel.

93. Defendant's conduct directly and proximately caused Plaintiff's personal property to suffer damaging, including, but not limited to the damage of the cell phone and the vehicle.

94. WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages to the fullest extent of the law against Defendant and demands trials by jury on all issues so triable.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

a.  compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims all allowed by law in an amount into be determine by a jury;

b.  economic losses on all claims allows allowed by law;

c.  special damages in an amount to be determined at trial;

d.  punitive damages on all claims allowed by law against all individual Defendants;

e.  attorney's fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

f.  pre-and post-judgment interest at the lawful rate; and,

g.  any further relief that this court deems just and proper, and any other appropriate relief of law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted this 15th day of September 2023,


MACK INJURY ATTORNEYS


/s/Nathaniel Mack III
Nathaniel Mack III, Esq.
Texas Bar No.: 24078896

22

8023 Vantage Dr. Suite 690
San Antonio, Texas 78230
P:(210) 333-6225
F:(210) 855-3152
nmack@macktexaslaw.com

THE LAW OFFICES OF HARRY M. DANIELS, LLC

*/s/Harry M. Daniels*
Harry M. Daniels, Esq
Georgia Bar No.: 234158

4751 Best Road Suite 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248
Email: daniels@harrymdaniels.com
(Pro hac vice to be filed)

THE RODERICK VAN DANIEL LAW FIRM, LLC

*/s/ Dr. Roderick Van Daniel*
Dr. Roderick Van Daniel, Esq
No. ASB-9105-164X

3003 13th Avenue South; Suite 19
Birmingham, Alabama 35205
Tel. (205) 317 – 9321
Email: roddaniel205@gmail.com
(Pro hac vice to be filed)